[No. 1237. August 26, 1911.]
ARIZONA & COLORADO RAILROAD COMPANY OF
NEW MEXICO, Appellee, v. DENVER AND RIO
GRANDE RAILROAD COMPANY, Appellant.

SYLLABUS.

1. Assignments of error not considered in the briefs or
upon oral argument will be deemed to have been abandoned.

2. A question disposed of upon a former appeal be-
comes the settled law of the case.

3. Proof of a prior and better right to the occupancy
of the right of way in dispute is sufficient to make railroad's
action for injunction against trespass or interference by
another railroad cognizable in equity.

4. To constitute a valid location of a proposed railroad
in New Mexico, there must be: 1. A survey and actual
staking of the proposed line upon the ground. 2. The adop-
tion of such survey by the board of directors as its perma-
nent line or right of way.

5. Evidence held to establish that surveys were ac-
tually made and the proposed line of railroad staked and
marked upon the ground and that the said line had been
adopted by the company's board of directors.

6. Upon conflicting testimony in an action for an injunction, and specific findings of fact having been made in the court below, this court will not inquire further.

7. Erroneous rulings of a court as to the admissibility of evidence in a case tried by the court without a jury, are not necessarily sufficient to call for a vacation of the judgment of the court below.

Appeal from the District Court for Bernalillo County, before IRA A. ABBOTT, Affirmed.    See 13 N. M. 345.

FRANK W. CLANCY and E. N. CLARK for Appellant.

No collateral attack can be made upon corporate existence of defendant railroad.    Wigmore on Evidence, sec. 2580.

A right of way is not a mere easement or right to use but something approaching a fee in the land itself. New Mexico v. Trust Company, 172 U. S. 181.

Where the charter of a corporation or a statute requires the keeping of a written record of the directors' proceedings, oral evidence of corporate acts not so recorded in writing is admissible against the corporation, but ought not to be admitted on behalf of the corporation against the interests of others. C. L. 1897, sec. 2832; Allis v. Jones, 45 Fed. 149; N & L. R. Co. v. B. & L. R. Co., 27 Fed. 825; Bay View Ass'n v. Williams, 51 Cal. 537; Bank v. Weaver, 31 Pac. 160, Cal.; Langsdale v. Bonton, 12 Ind. 469; Ross v. Madison, 1 Ind. 284; Cram v. Bangor House, 12 Me. 354; Zihlman v. Glass Co., 74 Md. 309; Edgerly v. Emerson, 23 N. H. 565-6; Morrill v. Segar Mfg. Co., 32 Hun. 544; Trustees v. Caggar, 6 Barb. 578, 580; Moss v. Averell, 10 N. Y. 454; Allison v. Coal Co., 87 Tenn. 65; Pickett v. Abney, 84 Tex. 647; Bay View v. Williams, 50 Cal. 353; Partridge v. Badger, 25 Barb. 146; Low v. Com. Ry. Co., 45 N. H. 370; Miller v. Wild Cat Co., 52 Ind. 51; People v. Ry. Co., 98 Cal. 665; Scott v. Church, 50 Mich. 528; Kalamazoo Co. v. Macalister, 40 Mich. 87; U. S. Bank v. Dandridge, 12 Wheat. 64; U. S. v. Fillebrown, 7 Pet. 47 Bridgford v.

A. & C. R. R. v. D. & R. G., 16 N. M. 281.

Tuscumbia, 16 Fed. 913; Carey v. Philadelphia Co., 33 Cal. 696; Gordon v. San Diego, 108 Cal. 269; Richardson v. St. Joseph Co., 5 Blackf. 148; Tubbs v. Ogden, 46 Iowa 137; Zalesky v. Ins. Co., 102 Iowa 515; Troy v. R. R. Co., 11 Kans. 530; Holland v. Duluth Iron Co., 65 Minn. 334; Gilbert v. Boyd, 25 Mo. 29; Kane v. School Dist., 48 Mo. App. 414; State v. Lockett, 54 Mo. App. 208; Taylor v. Griswold, 14 N. J. L. 241; Bohan v. Avoca, 154 Pa. 410; Hutchinson v. Pratt, 11 Vt. 421; Kelly v. Board, 75 Va. 271; Randot v. Rogers Township, 99 Fed. 210; Beach v. Stouffer, 84 Mo. App. 398; Hospital Co. v. Thorndike, 24 R. I. 120; Board v. Tollman, 145 Fed. 771; Denver v. Spencer, 34 Colo. 374; State v. Farrier, 114 La. 586.

Erroneous rulings of a court as to the admissibility of evidence in a case tried by the court without a jury, are not necessarily sufficient to call for a vacation of the judgment of the court below. Lynch v. Grayson, 5 N. M. 488.

Instruments affecting the title to real estate in order to be entitled to record under the statutes of New Mexico must be acknowledged as the statute requires and should have definite description of the particular land sought to be affected. Ilfeld v. Baca, 13 N. M. 38; Lynch v. Murphy, 161 U. S. 253; Meegan v. Boyle, 19 How. 148; C. L. 1897, secs. 3953, 3965; Woods v. Garnett, 72 Miss. 78; Musgrove v. Bouser, 5 Or. 313; Hastings v. Cutler, 4 Foster 481; Lynch v. Murphy, 161 U. S. 253; Parrett v. Shaubhut, 5 Minn. 351; Reeves v. Hayes, 95 Ind. 523; 1 Story Equity, sec. 404; Beverly v. Burke, 9 Gâ. 443.

Laches. 35 U. S. Stat. at Large 647; Columbia Valley R. Co. v. Portland R. Co., 162 Fed. 603.

In equity causes no exception is required C. L. 1897, sec. 3145; Laws 1907, ch. 57, secs. 24, 60.

Possession. 31 Cyc. 924.

CATRON & GORTNER, RITTER & BUCHANAN and H. B. FERGUSSON for Appellee.

The status which it was the duty of the court to maintain was that which rightfully and actually existed when the injunction was applied for, and not that which the defendant had wrongfully endeavored to create. Pittsburg Ry Co. v. Fiske, 123 Fed. 760.

The findings of facts made by the court below are binding in the appellate court if there be any evidence to support them. Runkle v. Burnham, 153 U. S. 225; St. Louis v. Rutz, 138 U. S. 266.

Possession. 31 Cyc. of Proc. 927; Wamman v. Hampton, 110 N. Y. 433; Heinze v. Butte, 126 Fed. 1; Sullivan v. Sullivan, 66 N. Y. 42; Fleming v. Maddox, 30 Iowa 241.

It is the survey and location of the road that constitutes the taking of the land for right of way. 1 Rorer 315; Troy & Boston R. R. Co. v. Potter, 42 Vt. 272.

It is proper for the owner to bring injunction against the possessor who is in possession as a trespasser, particularly when there is probability of irreparable injury, or inadequacy of pecuniary compensation or to avoid a multiplicity of suits. 1 High on Injunctions, sec. 697; Thorne v. Sweeny, 12 Nev. 251; Western Union Tel. Co. v. Judkins, 75 Ala. 428; McGregor v. Silver King Mining Co., 14 Utah 47; Byers v. Hawkins, 67 Ark. 413; Collins v. Sutton, 94 Va. 127; Moore v. Halliba, 72 Pac. 800; Clark v. Jeffersonville R. Co., 44 Ind. 248; Poughkeepsie Gas Co. v. Citizens Gas Co., 89 N. Y. 493; 22 Cyc. 428 b, 825-827; Kyser v. Dalton, 140 Cal. 167; Hicks v. Michel, 15 Cal. 107; Gaines v. Leslie, 1 Ind. Ter. 546; Hillman v. Hurley, 82 Ky. 626.; Chesapeake Co. v. Young, 3 Md. 480; Henan v. Wade, 74 Mo. App. 339; N. J. Zinc Co. v. Trotter, 28 N. J. Eq. 3; Shubrick v. Guerard, 2 Desaus Eq. 616; Leroy v. Wright, 4 Sawyer 530; Florida R. Co. v. Pensacola R. Co., 10 Fla. 45; Northern C. R. Co. v. Harrisburg Elec. R. Co., 177 Pac. St. 142; Simmons Creek Coal C. v. Doran, 142 U. S. 417. Pomeroys Eq. Rem., sec. 465; D. M. Osborne & Co. v. Missouri Pac. R. R. Co., 147 U. S. 248.

Acts of a corporation are not invalid merely from

the omission to have them reduced to writing.   U. S. Bank v. Dandridge, 12 Wheat 64.

The courts will not attempt to revise or interfere with a location for a railroad made in the discretion of a company.   Cleveland etc., R. R. Co. v. Speer, 94 Am. Dec. 89; Fall River Co. v. Old Colony Co., 87 Mass. 221;. Walker v. Madison River Co., 8 Ohio 39; Hentz v. R. R. Co., 13 Barbour 649; People v. Railroad Co., 74 N. Y. 304; Parks Appeal, 64 Pa. St. 140; Struthes v. Railway Co., 87 Pa. St. 286; Railway Co. v. Stoddard, 6 Minn. 97; Railway Co. v. Young, 9 Casey 175; Boston v. Midland Co., 1 Gray 362; Sioux City Ry. Co. v. Chicago Ry. Co., 27 Fed. 770; Titusville Co. v. Warren, 12 Pa. 642; Ohio River Co. v. Freedom Co., 53 At. 793; Kusheaka v. Pittsburg Co., 50 At. 169; C. & M. W. Ry. Co. v. C.. & P. Ry. Co., 6 Biss. 219; Humeston Ry. Co. v. St. P. & K. C. Co., 75 Iowa 544; Packer Co. Ry. v. Newport Ry., 24 Atl. 707; C. D. & I. Ry. Co. v. C. Ft. M. & D. Ry., 58 N. W. 918; D. O. Ry. v. Butler Pass Ry., 56 Atl. 959; Atlantic Ry. v. Seaboard Ry., 42 S. E. 761; Hope v. Georgia Ry., 15 S. E. 134; A. T. & S. F. Ry. v.. K. C. M. & O. Ry., 73 Pac. 99; Pittsburg etc., R. Co. v. Fiske, 123 Fed 760; S. P. Ry. v. Oakland, 58 Fed. 52; Weidenfield v. Sugar Run Co., 48 Fed. 618; Walker v.. Emerson, 26 Pac. 968, Cal.; Lemon v. Guthrie Center, 86 Am. St. Rep. 361, Iowa.; Camp v. Dixon, etc., Co., 52 L. R. A., 757; Fed. Cases No. 4313; Kilbourn v. Sullivan, 130 U. S. 514; C. L. 1897, sec. 3847; Laws 1905, chap.. 97, secs. 12, 13; Lake Shore Co. v. Cincinnati Ry. Co.,. 116 Ind. 578; Elliott on Railroads, secs. 1119, 1120, 1122.

Recording of instruments not executed with formality required by law.   24 A. & E. Enc. Law 143; Woods· v. Garnett, 72 Miss. 78; Musgrove v. Bonser, 5 Or. 313.

Erroneous rulings by the court as to the admissibility of evidence in a case tried by the court without a jury, are not necessarily sufficient to call for a vacation of the· judgment below.   Lynch v. Grayson, 5 N. M. 488; District of Columbia v. Woodbury, 136 U. S. 450; Frick v. Riegelman, 43 N. W. Rep., Wis. 1119; White v. White,

23 Pac. Rep. 234; Hathaway v. Bank, 134 U. S. 494; Zanz v. Stover, 2 N. M. 29; Kundinger v. Railway Co., 51 Mich. 185; Field v. U. S., 9 Pet. 182.

There was no laches.   3 Elliott Railroads, sec. 926; Lewis Eminent Domain, sec. 281; C. L. 1897, sec. 3874; Wheeling, etc., Ry. Co. v. Camden, etc., Co., 13 S. E. 369, W. Va.; Missouri Ry. Co. v. Shepherd, 9 Kas. 443; Laws 1901, ch. 11, sec. 2.

## STATEMENT OF THE CASE.

May 25, 1905, the plaintiff filed its bill of complaint against the defendant in the district court for San Juan county, alleging, in substance, that it, the plaintiff, was a corporation organized under the laws of New Mexico in October, 1904, authorized to construct, maintain and operate a railroad in said territory from a point on the boundary line between New Mexico and Colorado near where Las Animas river crosses the same, through said county of San Juan and other counties of said territory, to a point on the boundary line between it and the Territory of Arizona, near a point where the San Francisco river crosses it, a distance in all of about 300 miles; that it had complied with the requirements of law, which are prerequisite to its entering upon the work and business for which it was incorporated, and had thereafter in said San Juan county, from said point in the boundary line between New Mexico and Colorado south to the town of Farmington, in said county, a distance of about 28 miles, completed its surveys for said portion of its proposed line of railroad, had fixed and determined its location, had marked and staked the same on the ground, had made for filing a map and profile thereof and was about to file the same as required by law, within a reasonable time, and that it had adopted such location.   It further alleged that it had agreed with all but one of the private owners of the land on which its location had been fixed, as aforesaid, upon the compensation to be paid for the taking and use of said land and right of way, and that instruments in writing embodying such agreements had been made and executed between it and said several land-

owners, and notice thereof filed for record in the office of the clerk of said county; that its said work of surveying and marking its location on the ground, preparing maps thereof, securing the right of way therefor, and other things of like nature had been done at great expense; that as a result the route and location it had thus laid out and adopted was the best possible one for the construction and operation of a railroad between Farmington and the point of the northern boundary line of the territory from which it proposed to construct a railroad as above stated.

The plaintiff further averred that the defendant had full actual knowledge of all its, the plaintiff's, doings in the premises, as above set forth, including the agreements made with landowners, and that long after such proceedings by the plaintiff the defendant undertook and began the construction of a parallel line of railroad from a point near that to which the plaintiff's said location extends in the northern boundary line of New Mexico to said town of Farmington, and that, without necessity and wrongfully, it has entered upon the plaintiff's said location and sought to destroy its usefulness for the plaintiff by staking out a location for its own railroad upon portions of the plaintiff's said location; that, under the pretense of laying out necessary crossings over the plaintiff's said location, it has, although each end of its own proposed location is on the same side of and near the plaintiff's location, laid out its own proposed route to cross that of the plaintiff no less than 8 times in said distance of about 28 miles; and that such proposed crossings are not made at, or nearly at, right angles with the plaintiff's said location, but in some instances extend along it and occupy as much as a thousand feet of its length, and besides that, defendant proposes to make such pretended crossings at grades substantially different from those established at such points for the plaintiff's said location, all of which plaintiff says is done and threatened for the purpose. and, if permitted, will have the effect of substantially depriving the plaintiff of its said location, and rendering the same wholly useless as a route for the construction and practical operation of a railroad. It was also alleged that,

as one of the means to, be employed by the defendant to
deprive the plaintiff of its location, the defendant pur--
posed and threatened to institute condemnation proceed--
ings to secure a right of way and location for itself, in-
cluding portions of the plaintiff's said location, and in
such proceedings to ignore the plaintiff's rights and act
without notice to the plaintiff, and only against the own-
ers of the land on which the plaintiff's location was laid
out.    The plaintiff concluded with the usual allegations
of the need of equitable relief, and with a prayer that
the defendant be enjoined from continuing its alleged
acts of encroachment.    The defendant demurred to the
complaint on the ground that facts were not stated suffi-
cient to constitute a cause of action against the defendant
for the relief prayed for, or any relief whatever.    The
demurrer was sustained by the district court and final
judgment entered dismissing the complaint, with costs to
the defendant.    Appeal was taken therefrom to this court.

In this court the judgment of the lower court dismiss--
ing the complaint was reversed and the cause remanded,
with instructions to reinstate the cause and overrule the
demurrer.    A. & C. R. R. Co. v. D. & R. G. R. R. Co.,
13 N. M. 357.    Answer was thereupon filed, which it will
not be necessary to set out in detail, further than to
say that it puts in issue every material allegation of the
complaint and in particular the good faith of the plain-
tiff in locating its alleged line, the character of that line
with reference to whether it was the best line possible,
the ability of the plaintiff to construct its proposed line of
railroad, the adoption, in accordance with law, of the al-
leged line of plaintiff, the knowledge of or notice to de-
fendant of the pre-existence of any definitely located line
of plaintiff before the defendant located its line and be-
gan construction thereof, and the plaintiff's right to main-
tain this action in equity.    The court referred the issues
as so made up to an examiner to take the proofs and re-
port the same to the court.    To this action of the court
the defendant objected and excepted, but, upon this ap-
peal, appears to have abandoned any question relative to
the procedure of the court in so referring said cause.    In

due course, the examiner's report, consisting of over two thousand pages of testimony and exhibits, was filed. Upon hearing before the court, some 273 objections to the referee's report, including objections to the admission and rejection of testimony, were ruled upon by the court. After full hearing, the court below made its findings of fact, and conclusions of law in favor of the plaintiff, and the decree was entered in accordance with such findings. The terms of the decree are not material to a determination of the issues involved herein. The case is now before this court on appeal from said decree.

## OPINION OF THE COURT.

WRIGHT, J.—(After stating the facts as above). Appellant assigns 217 grounds of error, but, as is usually the case where assignments are so numerous, a large majority of same are merely variations of the same general proposition.

Under the oral argument of this case counsel confined themselves to a discussion of the assignments considered in the briefs filed herein. It will not be necessary, therefore, for us to notice in detail any of the assignments of error not so considered by counsel, as, under the well-established practice of this court, assignments of error not considered in the briefs or upon oral argument will be deemed to have been abandoned. Gregory v. Cassan, 15 N. M. 496.

Upon a former appeal of this case—A. & C. R. R. Co. v. D. & R. G. R. R. Co., 13 N. M. 357—this court, speaking through Mr. Justice Abbott, held that the facts well pleaded established a vested interest in the plaintiff sufficient to enable it to invoke the jurisdiction of a court of equity. This question having been disposed of upon the former appeal became and is the settled law of the case. Dye v. Crary, 13 N. M. 439. The cause is now before us upon the merits under the pleadings so determined to be sufficient upon the former appeal. With one exception, which will be considered separately, the appellant admits that the facts found by the court are sufficient to sustain the decree.

The first proposition advanced by the appellant is that *appellee was never in possession of its alleged right-of-way and had nothing, for the protection of which this suit could be brought.* Counsel for the appellant contend that this court upon the former appeal declared, as the law of this case, that it was necessary for the appellee to prove actual physical possession of the right-of-way in controversy, at the time of the alleged unlawful intrusion by the appellant, in order to support its action in a court of equity.

A careful reading of the opinion fails to disclose any such holding. Upon the former appeal the question was upon the sufficiency of the complaint. In its complaint appellee alleged that it was the owner of the location surveyed and staked out by it upon the ground and *in possession thereof,* and that such possession had been interfered with by wrongful acts on the part of the appellant and was jeopardized by the threatened continuance thereof. In passing upon the sufficiency of such allegations, the court says: "The defendant further urges that the title to the portions of the plaintiff's alleged location now in question is by the complaint shown to be in dispute beween the plaintiff and defendant, and that the former must therefore establish its title at law, before it can have the aid of a court of equity to protect it. We do not so interpret the complaint. We understand it to charge that the defendant having actual notice and knowledge of the plaintiff's interest and rights in the premises, is, unlawfully and without any claim of right, seeking to deprive it of them by a series of wrongful acts already begun and threatened to be continued up to the point of the complete ouster, and dispossession of the plaintiff." In the case of Sioux City & D. M. Ry. Co. v. Chicago M. & St. P. Ry. Co., 27 Fed. 770, a case practically on "all fours" with the case at bar, Judge Shiras said: "There is but one controversy in the cause, and that is: Which company has the prior, and therefore better right to the occupancy of the premises in dispute, for the purpose of constructing and operating its line of railway. It is certainly equitable that a company, which in good faith surveys and locates

a line of railroad and pays the expense thereof, should have a prior claim for the right-of-way for at least a reasonable length of time. The company does not perfect its right to the use of the land, as against the owner thereof, until it has paid the damages, but, as against a railroad company, it may have a prior and better equity."

See, also, Ry. Co. v. Alling, 99 U. S. 463. It appears, therefore, that proof of a prior and better right to the occupancy of the right-of-way in dispute is sufficient to make this action cognizable in equity. Did the appellee have such prior, and therefore better, right to the occupancy or possession of the right-of-way in dispute? In other words, did the appellee have a valid prior location of the right-of-way in question?

It is admitted by all parties that to constitute a valid location of a proposed railroad, within this jurisdiction, there must be: 1st. A survey and actual staking of the proposed line upon the ground. 2nd. The adoption of such survey by the Board of Directors as its permanent line or right-of-way. The evidence establishes, beyond any question, that the surveys were actually made, and the proposed line of railroad staked and marked upon the ground. The appellant contends, however, that the surveys, so made, were never adopted by the board of directors of the Arizona and Colorado Railroad Company of New Mexico, as required by law, and that therefore the appellee never had any title to or rights in its alleged right-of-way which the appellant was bound to respect. Upon this question the court below made the following finding of fact: "3rd. That immediately upon its organization as aforesaid the plaintiff company proceeded with the survey and location of a line of railroad down the said Animas Valley between the said points, and layed out, located and marked upon the ground by stakes set in the ground a line of railroad between the said points, to-wit, between the boundary line of the State of Colorado and the Territory of New Mexico, and the town of Farmington, in said Territory of New Mexico, and prior to the 1st day of January, 1905, adopted the said line so surveyed, located and marked upon the ground,

as the line of the definite location of its railroad between said last mentioned points."

The printed record in this case is very voluminous, containing twenty-five hundred pages, and as we deem this the question upon which this case must turn for affirmance or reversal, it is necessary, at this point, to state briefly the testimony bearing thereon. The plaintiff in the lower court, in support of its allegations, offered in evidence the records of the meetings of its Board of Directors, showing the adoption by resolution of various portions of its surveyed lines in San Juan County. It also placed upon the witness stand a witness, McFarland, the engineer in charge of its survey parties and who actually surveyed and staked out the right-of-way in question. The witness McFarland testified, *without objection*, that certain maps covering a surveyed line from the Colorado state line south along the valley of the Animas River to and through the town of Farmington, represented the right-of-way in question as *surveyed and adopted* by its board of directors. It was also in evidence that there were numerous surveys made at about this time in San Juan County, by the appellee, for the purpose of determining the best possible line between Durango, in the State of Colorado, and Farmington, New Mexico, and from thence south to the Arizona line, connecting with the lines of the appellee in Arizona. In at least two of these surveys, the engineer's station numbers began at zero in Colorado, running thence south, with consecutive numbers. It also appears that there were other engineer's station numbers commencing at "0" and running in consecutive order, from the south toward the town of Farmington. An examination of the resolutions from the minutes of the Board of Directors, introduced in evidence, discloses that the surveys were not adopted as a permanent line, as a whole, but that there were various resolutions covering different portions of the surveyed lines. In none of the resolutions does there appear any direct reference to any particular engineer's map. The entire distance from the Colorado state line south along the Animas River to and through the town of Farmington, being

the right-of-way in dispute, is about twenty-eight miles. No ˙question is raised as to the adoption by the plaintiff company of the first fifteen odd miles from the state line of Colorado south, to and through the town of Aztec. This eliminates from the discussion two of the points of conflict, described and referred to in the testimony as the "Whitney and McEwen Crossings."

Taking the various resolutions offered in evidence, together with the maps, also in evidence, we find, using the engineer's station numbers as guides, that these numbers might be applied to different locations and are not absolutely limited to that portion of ˙the survey between the towns of Aztec and Farmington, in dispute of this suit. Mr. McFarland, however, testified referring to the maps (mentioned above), that such maps indicated and described the right-of-way as surveyed and adopted. The witness McConnell also identified the lines described by McFarland as the survey adopted by the · plaintiff company. Mr. McConnell also testified that after the line was adopted, he was employed to secure rights-of-way, and was furnished with maps and profiles showing the adopted. line; such line being the same line testified to by the witness McFarland. All of these things occurred prior to the time that the defendant company took possession of any of those portions of the right-of-way in dispute in this suit. Counsel for the appellant argues that there is no resolution showing the adoption of that portion of the survey beween the towns of Aztec and Farmington, described as the "Revised Survey," and that the appellee, in offering the testimony of the witnesses McFarland and McConnell, was attempting to prove, by oral testimony, acts of the Board of Directors, which, by law are required to be kept in writing and as part of the records of the corporation. Counsel for appellant and counsel for appellee entered into a lengthy discussion of this question. Counsel for appellee cites the case of U. S. Bank v. Dandridge, 12 Wheat. 64. Counsel for appellant cites numerous cases, contending that where the statute requires the keeping of written records of directors' proceedings, (as is the case in New Mexico,· Sec. ˙2832, C. L. of 1897),

oral evidence of corporate acts not so recorded is admissible against the corporation but ought not to be admitted on behalf of the corporation against the interests of others. While a consideration of this question might be very interesting, we do not find it necessary to a determination of the issues of this case to determine whether the evidence offered by appellee was an effort to establish corporate acts by parole or not, nor do we think it necessary to determine whether the resolutions of adoption offered in evidence by the appellee, as a matter of fact, do include *all of the line* so surveyed, located and marked upon the ground between the state line of Colorado and the town of Farmington.

From a careful examination of the testimony it appears conclusively that the resolutions of the board of directors show the adoption of all of the right-of-way except, possibly, that portion near the town of Aztec, referred to in the evidence and briefs as the "Revised Survey." This portion of the right-of-way includes "Young's Crossing," one of the disputed tracts, and the one of which appellant particularly complains as never having been adopted by the appellee as a part of its permanent right-of-way. It further appears, from the testimony and the findings, as to this particular tract, that the appellee was the owner of the same, by direct purchase, prior to the institution of this suit, and prior to any trespass thereon by the appellant. No legal steps whatever were taken by the appellant to gain possession of this particular tract until after the institution of the case at bar, and it further affirmatively appears from the testimony and findings, that, at the time of the threatened trespass, the appellant company had not complied with any of the requirements of the territorial statutes as to the adoption of *its line*. The appellee was the actual owner of the land known as "Young's Crossing," and until the appellant had paid for, or condemned the same appellant had no rights therein whatever, and the appellee could protect its rights to the same regardless of whether this particular piece of right-of-way had been actually adopted as a permanent location by specific resolution,

or not. The appellant, having no rights in that portion of the right-of-way known as "Young's Crossing," it becomes wholly immaterial, for the purpose of this discussion, to determine whether the court's finding of fact that, "prior to the first day of January, 1905, (the appellee) adopted the said line so surveyed. located and marked upon the ground as the line of the definite location of its railroad between said last mentioned points." Finding of Fact No. 3, quoted supra, is supported by the testimony in so far as it refers to "Young's Crossing."

The next proposition urged by appellant is, that the appellee's line, as located, is not the best obtainable line. Joined with this proposition is the contention that appellee at small expense can get a better line than the one claimed in this action, and that by reason of such facts appellee ought not to maintain this action in equity, having a complete remedy at law in damages. A great mass of testimony was introduced bearing upon these questions. Witnesses for the appellee testified that the line, as surveyed and adopted by appellee, in view of all the surrounding circumstances and conditions, was a practical line, and the best that could be obtained. Witnesses for the appellant testified to the contrary. Upon such conflicting testimony the court made definite and specific findings of fact in favor of the appellee. Under such a state of the record, this court will not inquire further.

Appellant further contends that appellee should not succeed for the reason that it is apparent from the testimony that interference by the appellant with the line claimed by appellee could not be avoided; also, that the allegations of good faith and ability on the part of the appellee to construct a railroad upon the right-of-way claimed are not sustained by the testimony, and, again, that the appellee ought not to succeed because appellee was guilty of laches. With reference to each of such contentions, the court specifically found against the appellant, and with reference to the interference with the right-of-way of the appellee the court specifically found that such interference by the appellant was willful and deliberate.

A sufficient answer is that each finding is based upon ample evidence to sustain the same.

Appellant also contends, even admitting that appellee had some rights to the right-of-way claimed, that appellant had no notice of appellee's claim, either actual or constructive. It appears from the brief of counsel for appellant that appellant's main contention as to the lack of notice is based upon the fact that the trial court admitted certain notices and options which were recorded in the office of the probate clerk of San Juan county, which said notices. and options were not acknowledged in form to be entitled to record, and hence had no evidentiary value as records. Eliminating entirely from the evidence all such disputed evidence, an examination of the record discloses that there was ample evidence of actual notice to warrant the trial court in making the finding that the appellant had actual knowledge. It follows that the question of constructive notice is therefore immaterial.

The final contention advanced by appellant is that an examination of the record will show that the rulings by the court below upon evidence were such as to require the reversal of the judgment.

At the outset, counsel concedes as a general proposition in this jurisdiction that erroneous rulings of a court as to the admissibility of evidence in a case tried by the court without a jury are not necessarily sufficient to call for a vacation of the judgment of the court below—citing Lynch v. Grayson, 5 N. M. 488, 25 Pac. 992. Counsel contend, however, that such rulings, when properly objected to and embodied in an assignment of errors, may be considered by the appellate court as indicating the condition of the judicial mind as to the case, and counsel insist that the rulings in this case indicate such a state of mind upon the part of the trial court as to impair confidence in the soundness of the conclusions reached by the court.

We have examined the record and the rulings of the court upon the objections to the referee's report; and, while we may not agree with the trial judge as to all of

the rulings so made, yet we find substantial, competent evidence to sustain each and every one of the findings made by the trial judge, and nothing in the rulings of the trial judge which indicates in the least degree that the trial judge was not absolutely fair and impartial in all of his rulings.

There being no error in the record, the judgment of the lower court is affirmed.